IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WOODROW NEAL, JR.                                                                   PETITIONER

v.                              NO. 5:11CV00257 SWW/HDY

RAY HOBBS, Director of the                                                       RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

STATE COURT PROCEEDINGS. In September of 2011, petitioner Woodrow Neal, Jr., ("Neal") commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The record reflects that the petition at bar is his third such petition. In making findings and a recommendation with regard to a prior petition, that being, Neal v. Hobbs, 5:11CV00157 SWW, the undersigned made findings regarding the state court proceedings that brought Neal into the custody of respondent Ray Hobbs ("Hobbs"). United States District Judge Susan Webber Wright subsequently adopted those findings in dismissing the prior petition. As to the state court proceedings, those findings were as follows:

... In August of 1997, [Neal] pleaded guilty in St. Francis County, Arkansas, Circuit Court to battery in the first degree in CR-1997-202 and was sentenced to, inter alia, a suspended sentence. ... In August of 2001, his suspended sentence was revoked, and he was sentenced to 120 months in the custody of [Hobbs] ... Neal did not appeal his initial sentence nor appeal any matter pertaining to the revocation of his suspended sentence. In addition, he never sought post-conviction relief. He did, however, file a motion to modify the sentence imposed following the revocation of his suspended sentence, but the record is silent as to the disposition of his motion.

Neal represents … that in November of 1998, he pleaded guilty in St. Francis County, Arkansas, Circuit Court to battery in the first degree in CR-1997-202 and theft of property in CR-1998-442. … [He made the] following representations about those charges:

1. (a) <u>Name and location of court that entered the judgment of conviction you are challenging</u>: St. Francis County Courthouse, Forrest City, Arkansas.

    (b) <u>Criminal docket or case number (if you know)</u>: AA-001 in CC AB-001.

2. (a) <u>Date of the judgment of conviction</u> (if you know): 16 [November] 1998.

    (b) <u>Date of sentencing</u>: 16 [November] 1998.

3. <u>Length of sentence</u>: 5 year in CC 10 year, July 15, 2001.

    …

5. <u>Identify all crimes of which you were convicted and sentence in this case</u>: AA-001, theft of property; and AB-001, battery [in the first degree], probation revocation.

6. (a) <u>What was your plea</u>? Guilty.

    (b) <u>If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to</u>? On the count of theft of property: guilty; on the count of battery [in the first degree]: guilty.

    …

8. <u>Did you appeal from the judgment of conviction</u>? Yes.

    9.    <u>If you did appeal, answer the following</u>:

    (a) <u>Name of court</u>: St. Francis County.

    (b) <u>Docket or case number</u>: CR-1998-442 in CC CR-1997-202.

    (c) <u>Result</u>: 10 year in CC 1/3.

    (d) <u>Date of result</u>: July 15, 2001.

    …

    (g) <u>Did you seek further review by a higher state court</u>? No.

<u>See</u> Document 2 at 1-3.

Assuming … the accuracy of Neal's assertions, there is no evidence that he appealed the sentence imposed for his guilty pleas to battery in the first degree and theft of property or that he sought post-conviction relief.

<u>See</u> <u>Neal v. Hobbs</u>, 5:11CV00157, Document 9 at 3-4, adopted by Judge Wright on September 19, 2011, <u>see</u> Document 11.

<u>NEAL v. HOBBS, 5:01CV00430 SWW</u>. In December of 2001, Neal filed his first petition pursuant to 28 U.S.C. 2254. <u>See</u> <u>Neal v. Hobbs</u>, 5:01CV00430 SWW. In the petition, he challenged the revocation of his suspended sentence in CR-1997-202 on the ground that the hearing to revoke his suspended sentence was held more than sixty days after his arrest on the revocation petition. On the undersigned's recommendation, Judge Wright dismissed the petition in 5:01CV00430 in April of 2002. Neal did not appeal the adverse determination of his petition.

NEAL v. HOBBS, 5:11CV00157 SWW. In June of 2011, Neal filed his second petition pursuant to 28 U.S.C. 2254. See Neal v. Hobbs, 5:11CV00157 SWW. In his petition, he made mention of CR-1997-202 and CR-1998-442 but failed to identify the judgment of conviction he was challenging or offer any reason for vacating a judgment of conviction. Because it was unclear which judgment of conviction he was challenging, the undersigned construed the petition to challenge the judgments of conviction in both CR-1997-202 and CR-1998-442. As to those judgments of conviction, the undersigned found the following, findings that were subsequently adopted by Judge Wright:

> Neal challenged the revocation of his suspended sentence in CR-1997-202 in his first petition, that being, 5:01CV00430. He is challenging the same judgment of conviction in [5:11CV00157], and there is no evidence whatsoever that he obtained an order from the Court of Appeals authorizing the district court to consider his petition. Because the petition [in 5:11CV00157] is a second or successive petition, and he did not obtain the approval of the Court of Appeals before filing it, … Neal's petition should be dismissed. [Footnote omitted].
>
> … [I]t is possible that Neal is not challenging … CR-1997-202 but is instead challenging … CR-1998-442. If that is indeed the case, then the petition [in 5:11CV00157] is not a second or successive petition as there is nothing to suggest that he has ever challenged the judgment of conviction in CR-1998-442 in a petition pursuant to 28 U.S.C. 2254. …

>… Neal has offered no reason why the judgment of conviction in CR-1998-442 should be vacated. For that reason, his petition [in 5:11CV00157] does not conform to the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Even had he offered a reason, the undersigned has serious concerns about whether the judgment of conviction in CR-1998-442 could be vacated at this time, given that he pleaded guilty to theft of property almost thirteen years ago, did not appeal the sentence he received, and does not appear to have ever sought post-conviction relief. When given the opportunity to provide some clarity regarding the events surrounding the filing of the petition [in 5:11CV00157], Neal submitted nothing. …

See Neal v. Hobbs, 5:11CV00157, Document 9 at 6-7, adopted by Judge Wright on September 19, 2011, see Document 11. On the undersigned's recommendation, Judge Wright dismissed the petition in 5:11CV000157 in September of 2011. Neal did not appeal the adverse determination of his petition.

THE PETITION AT BAR. Neal filed the petition at bar in September of 2011. See Neal v. Hobbs, 5:11CV00257 SWW. The petition is identical to the petition he filed in 5:11CV00157, save a prayer for relief in the petition at bar to "take this time off of me." See Document 2 at 11. Thus, in the petition at bar, like the petition in 5:11CV00157, he failed to identify the judgment of conviction he was challenging or offer any reason for vacating a judgment of conviction.

Hobbs responded to Neal's petition by filing the pending motion to dismiss. See Document 6. Neal maintained that the petition at bar should be dismissed for the following two reasons: first, the federal courts are without jurisdiction to entertain his challenge to his conviction in CR-1997-202 because it is his second challenge to the conviction and he did not obtained permission from the Court of Appeals to pursue the second challenge; and second, the federal courts are without jurisdiction to entertain Neal's challenge to his conviction in CR-1998-442 because he is no longer in custody for the conviction.

Before giving Hobbs' assertions serious consideration, the undersigned invited Neal to file a response. He was given up to, and including, November 23, 2011, to do so. That deadline has now passed without a response from Neal. The undersigned now turns to address Neal's petition in the proceeding at bar.

ANALYSIS OF THE PETITION AT BAR. Because the petitions in 5:11CV00157 and 5:11CV00257 are identical, save an additional one sentence prayer for relief in the latter petition, the same analysis is applicable to both petitions. Thus, the undersigned adopts the analysis in 5:11CV00157 and offers it in recommending that the petition at bar be dismissed. In short, the undersigned recommends that the petition at bar be dismissed for the following reasons:

1) if Neal is challenging the judgment of conviction in CR-1997-202 in the petition at bar, it should be dismissed because it is a second or successive petition and he did not obtain the approval of the Court of Appeals before filing it.

2) if he is challenging the judgment of conviction in CR-1998-442 in the petition at bar, it should be dismissed because he has offered no reason why it should be vacated.

Additionally, a third reason warrants dismissing the petition at bar. Hobbs maintains that Neal is no longer in custody as to the judgment of conviction in CR-1998-442. For the reasons provided by Hobbs, the undersigned agrees.

<u>RECOMMENDATION AS TO THE PETITION AT BAR</u>. For the foregoing reasons, the undersigned recommends that Hobbs' motion to dismiss be granted and the petition at bar be dismissed. All requested relief should be denied, a certificate of appealability should be denied, and judgment should be entered for Hobbs.

Dated this ___29___ day of November, 2011.

_____
UNITED STATES MAGISTRATE JUDGE